# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. CR-09-0232-HE (01) |
| | ) | NO. CIV-11-0780-HE |
| JOE EDDIE PUGH, JR., | ) | |
| Defendant. | ) | |

## ORDER

Defendant Joe Eddie Pugh, Jr. pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The court sentenced defendant to a term of imprisonment of 84 months followed by three years of supervised release. Defendant appealed the conviction and sentence to the Tenth Circuit, which affirmed the judgment. After the Supreme Court denied certiorari, defendant filed a motion challenging his conviction pursuant to 28 U.S.C. § 2255.

Defendant asserts two grounds of relief in support of his motion based on ineffective assistance of trial and appellate counsel. Defendant claims his trial attorney failed to advise him that he had the right to retract his plea after the government sought the imposition of a sentence that was outside the advisory Guidelines sentencing range calculated in the Presentence Investigation Report. He also asserts that his attorney failed at his sentencing hearing to object to the testimony of Detective Jeff Reed on the grounds of prejudice and hearsay and to the court's use of the preponderance of the evidence standard. Defendant argues that his appellate counsel was ineffective for failing to assert trial counsel's alleged

errors on appeal and challenge the length of his sentence.

To prevail on an ineffective assistance of counsel claim a defendant must show both that "counsel's performance fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different." United States v. Tucker, 298 Fed.Appx. 794, 800 (10th Cir. 2008) (unpublished) (citing Strickland v. Washington, 466 U.S. 668, 688 (1984)). Applying this standard, defendant's motion fails.

Only one of defendant's claims merits much discussion – that based on his trial counsel's alleged conduct with respect to his plea. Defendant asserts his attorney failed to advise him that the court could depart upwards from the applicable sentencing guideline range and later failed to advise him of his right to withdraw his plea.

Defendant contends his counsel did not, before he entered his plea hearing, provide him "with a full understanding as to what he was faced with concerning the court potentially sentencing him to a higher sentence." Doc. #2, Memorandum of Law, p. 7. However, in his petition to enter plea of guilty defendant acknowledged that he understood that the maximum sentence was ten years imprisonment, that the sentence was solely a matter for the judge to decide, that the Sentencing Guidelines were only advisory in nature and the judge could impose a sentence either above or below the Guidelines range, that the judge could consider relevant conduct in determining defendant's sentence and that "there [was] no limitation placed on the information the judge [could] consider at the time of sentencing concerning [defendant's] background, character, and conduct so long as the information [was] reliable."

Doc. #19, ¶¶18, 19(a), 25-27. During the plea hearing the court specifically questioned defendant about the plea petition. Defendants stated he recalled going over it with his attorney and said no, when asked whether it included any questions he did not understand or any issues or questions of any nature he might have about it.[1] Defendant was again advised of the maximum prison term and informed that the Sentencing Guidelines were only advisory and that the judge could take relevant conduct into account when setting defendant's sentence. He also was told that if he disagreed with the Guidelines recommendation once it was calculated, it was very unlikely he would be permitted, on that basis alone, to withdraw his guilty plea. At the conclusion of the plea hearing, when asked if he knew of any reason why the court should not accept his guilty plea, defendant responded "No." As defendant was well informed regarding the sentencing possibilities by the plea petition he signed and by the court at his plea hearing, he cannot show prejudice from his counsel's claimed failure to "fully" advise him of the various sentencing possibilities before he pleaded guilty.

Defendant also contends his attorney failed to tell him he "[had] the right to retract his plea based on the fact the government filed a motion to impose a sentence upward ranging outside the original guidelines of the Presentence Investigation Report." Memorandum, p. 2. Here, again, defendant has failed to state a basis for relief, even

---

[1] *Defendant makes the unsubstantiated assertion that "[i]t was expressed to the court that the petitioner lacked the sufficient education to understand some of the decision he was making , as a result of being influenced ...." Memorandum, p. 7.*

assuming his counsel did not advise him of the option of moving to withdraw his plea.[2]

Defendant's claim is based on a misapprehension of the law. Once he pleaded guilty, defendant did not have an absolute right to withdraw his plea. Pursuant to Fed.R.Crim.P. 11(d)(1)(B), a defendant may withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if ... the defendant can show a fair and just reason for requesting the withdrawal." The court assesses whether there is a "fair and just reason for withdrawal" in light of the following factors:

> (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

United States v. Yazzie, 407 F.3d 1139, 1142 (10th Cir. 2005) (quoting United States v. Sandoval, 390 F.3d 1294, 1298 (10th Cir.2004)). Here, there is no reason to believe the court would have granted the motion. Defendant has never asserted his innocence. Statements such as "[t]here are a number of things that could have taken place, to prevent the petitioner from being found guilty, based on the representation of counsel. The exclusionary rule may have prevented the government from putting on evidence, due to the fact that it could be considered prejudicial," Memorandum, p. 8, are not assertions of innocence. Defendant even states at one point in his brief: "let the record reflect, petitioner did in fact get caught with

---

[2]*Because of the unlikelihood of success of a motion to withdraw, counsel was not deficient for failing to advise defendant that he could move under Rule 11 to withdraw his plea.*

4

a Ruger P-95 9mm handgun." Memorandum, p. 3. Defendant admitted his guilt during the plea colloquy and the court finds no basis to conclude that his plea was other than voluntary and knowing.

Defendant has not offered a "fair and just reason for withdrawal." There was no plea agreement in this case and therefore is no basis for arguing the government acted inappropriately or unexpectedly in arguing for a particular sentence. Defendant had been informed that the court could deviate from the advisory Guidelines recommendation and he knew that he could be sentenced up to ten years in prison. The lack of a valid reason to withdraw, coupled with defendant's acknowledgment of guilt at the plea hearing and his failure to assert his innocence, would have doomed any motion to withdraw he might have filed. The lack of probability of success of such a motion bars defendant's claim that his counsel was deficient for not advising him he could seek relief from his plea under Rule 11.

As for defendant's claim that his appellate counsel was ineffective, the court has considered the merits of the issues defendant asserts appellate counsel omitted from the appeal. As they lack merit, appellate counsel did not perform deficiently by failing to raise them. Defendant's assertion that his appellate counsel failed to argue that his sentence was excessive also fails as counsel did argue on appeal that defendant's "sentence [was] substantively and procedurally unreasonable." United State v. Pugh, 380 Fed.Appx. 776, 777 (10th Cir. 2010) (unpublished), *cert. denied,* \_\_\_ U.S. \_\_\_ (2010).

Defendant includes other arguments in his Memorandum that essentially challenge his sentence. He asserts the court failed to give him notice that it was contemplating a

departure, though notice had been provided. See Doc. # 26.[3] He also contends the court abused its discretion by "considering factors outside of the record pursuant to section 3553(a)," Memorandum, p. 5, and did not adequately explain the reason for the departure. He claims the government failed to demonstrate "by a clear preponderance of the evidence, that the enhancement was appropriate." *Id* at 6. These alleged errors, which defendant does not attribute to his counsel,[4] either were asserted and rejected by the Tenth Circuit in defendant's direct appeal or could have been raised on direct appeal. Therefore they are barred.[5] Tucker, 298 Fed.Appx. at 801 ("In sum, the district court properly denied Tucker's § 2255 motion because his claims were either rejected on direct appeal, or should have been raised on direct appeal and are not saved by ineffective assistance of appellate counsel.").

Accordingly, defendant's § 2255 motion is **DENIED**. An evidentiary hearing is unnecessary to the determination of these issues. *See* 28 U.S.C. § 2255(b) (prompt hearing

---

[3]*Defendant states in the affidavit attached to his § 2255 motion, that he did "not recall Attorney William P. Early expressing to me about the upward departure filed by the government." That bare allegation is insufficient to demonstrate lack of notice.*

[4]*Defendant does make the additional arguments that his trial attorney was ineffective because he failed to object on the grounds of hearsay and prejudice to the testimony of Detective Jeff Reed, who testified at his sentencing, and failed to object to the court's use of the preponderance of the evidence standard during the hearing. Defendant has not shown his counsel's performance was deficient. The court applied the correct standard of proof, United States v. Magallanes-Torres, 386 Fed.Appx. 766, 771 (10th Cir. 2010) (unpublished) and "[a] sentencing judge may properly consider hearsay evidence as long as such evidence is sufficiently reliable." United States v. Ferguson, 2012 WL 29047, at \*2 (10th Cir. 2012) (unpublished). Contrary to defendant's assertion, his attorney did object to the court's consideration of other uncharged or unconvicted conduct in determining the sentence that was imposed.*

[5]*As defendant did not show both good cause and actual prejudice, or that failure to consider these arguments would result in a fundamental miscarriage of justice, his procedural default is not excused. Tucker, 298 Fed.Appx. at 798.*

required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). A certificate of appealability also is **DENIED**. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 10th day of February, 2012.

JOE HEATON
UNITED STATES DISTRICT JUDGE